UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RICARDO YOVANY BARRIOS URBINA,
Petitioner,

v.

TODD BLANCHE, Attorney General of the United States, in his official capacity, et al.,
Respondents.

Case No.: 3:26-cv-05605-RBM-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Ricardo Yovany Barrios Urbina's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a native of Venezuela and a citizen of Colombia, entered the United States in or around March 2023. (*Id.* ¶ 2; Doc. 1-5 at 2.) He was processed by the Department of Homeland Security and released from immigration custody "on parole issued under 8 U.S.C. § 1182(d)(5)." (Doc. 1 ¶ 2; Doc. 4 at 2.) Petitioner resided in this country continuously after being released; during that time, he was granted Temporary Protected Status, obtained employment authorization valid through 2030, filed for asylum, and had his removal proceedings dismissed. (Doc. 1 ¶ 2.) On September 12, 2026, Petitioner was detained by ICE officers while he was making an UberEats delivery. (*Id.* ¶ 1.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Administrative Procedure Act, the Fifth Amendment's Due Process Clause. and 8 U.S.C. § 1357(a)(2). (Doc. 1 ¶¶ 31–49.) Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), but concede that they "have insufficient information regarding termination of [Petitioner's] parole," "do[ ] not oppose the petition," and "defer[ ] to the Court on the appropriate relief." (Doc. 4 at 2–3.) In light of Respondents' non-opposition, and considering the Court's many Orders granting petitions like the one currently before it,[1] the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge*

---

[1] *See Perez v. LaRose*, Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *4–7 (S.D. Cal. Nov. 13, 2025); *Sarr v. Casey*, Case No.: 3:26-cv-02343-RBM-MSB, 2026 WL 1419635, at *2–3 (S.D. Cal. May 20, 2026); *Valente Fernandez v. Warden*, Case No.: 3:26-cv-03683-RBM-SBC, 2026 WL 2584991, at *3–4 (S.D. Cal. Sept. 1, 2026).

*M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2]
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[3]

**IT IS SO ORDERED.**

DATE: October 14, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").